UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
NOV - 4 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

CHERITA S.,[1]

Plaintiff,

v.

24-CV-1141 (JLS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

Plaintiff Cherita S. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she is not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 10. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 14, 15. For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on April 12, 2022.[2] Tr. 77.[3] Plaintiff's application was initially denied, *id.* at 84, 110–115, and denied again upon reconsideration. *Id.* at 101, 121–32. Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"). *Id.* at 131. Following the hearing, at which Plaintiff was represented by counsel, ALJ Joshua Pinkus issued a decision finding that Plaintiff was not disabled. *Id.* at 14–26. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. *Id.* at 1–3; Dkt. 1.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (citation modified).

[3] The filings at Dkts. 5 and 6 are the transcript of the proceedings before the Social Security Administration. All references to Dkts. 5 and 6 are hereby denoted "Tr. __."

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. *Id.* § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age,

education, and work experience. *Id.* § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her RFC, age, education, and work experience. *Id.* §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

To begin, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 12, 2022, the date her application was filed. Tr. 19. The ALJ also found that Plaintiff suffered from the following severe impairments: generalized convulsive epilepsy, left knee osteoarthritis, obesity, lumbar degenerative disc disease, asthma, and headaches. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 20.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> [Plaintiff] can occasionally climb ramps and stairs; [but can] never climb ladders, ropes or scaffolds; [she can] occasionally balance as defined in the [Selected Characteristics of Occupations, ("SCO")]; [can] occasionally stoop; [but can] never crouch, crawl or kneel. [Plaintiff] must avoid ordinary hazards in the workplace such as unprotected heights and moving mechanical parts, [but] can tolerate occasional exposure to vibration, humidity, extreme cold and heat, as well as occasional exposure to respiratory irritants, such as fumes, odors, dusts, gases, and poor ventilation[.] [Plaintiff] is limited to working in

> an environment with no more than a moderate noise level[,] as defined in the SCO.

*Id.* at 20.

The ALJ then found that Plaintiff was able to perform past relevant work, specifically, her previous employment as a Child Monitor.[4] *Id.* at 24. The ALJ additionally found that her age, education, work experience, and RFC allowed her to perform other jobs existing in significant numbers in the national economy. *Id.* at 24–26. As such, according to the ALJ, Plaintiff had not been under a disability since the date her application was filed. *Id.* at 26.

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ's determination that Plaintiff could perform sedentary work was not supported by substantial evidence. *See* Dkt. 10-1 at 8–12. More specifically, Plaintiff argues that the ALJ improperly rejected the opinion of Hongbiao Liu, M.D., as it pertained to "limitations [arising from] Plaintiff's headaches." *Id.* Plaintiff additionally contends that the ALJ erred in not ordering additional records or clarification from Dr. Liu, *id.* at 9–10, and in not crediting Plaintiff's subjective complaints regarding headache frequency. *Id.* at 11–12. For the reasons that follow, this Court disagrees.

---

[4] Plaintiff also indicated during an internal medical examination that she worked as a pizza delivery driver in 2021. *See* Tr. 592. This employment was not listed by Plaintiff in her disability applications or during the hearing, and in fact is contradicted by her contention that she "has never driven," *see id.* at 97, 99–100, and her hearing testimony that she does not have a driver's license due to her seizures and general poor health. *See id.* at 48.

## III. ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). That does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024) ("There is no blanket requirement that [an ALJ's] decision must be supported by a congruous medical opinion"). So long as an ALJ considers all the medical evidence and appropriately analyzes any medical opinions, an RFC consistent with the record is not error. *See* 20 C.F.R. § 416.945; *see also Cichocki*, 729 F.3d at 177 (joining five other circuits in holding that remand is not necessary "[w]here an ALJ's analysis at Step Four . . . affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

Plaintiff argues that the ALJ's RFC determination—which limited its accommodation for Plaintiff's headaches to a noise restriction—failed to account for the evidence in the record and was, thus, not supported by substantial evidence. Dkt. 10-1 at 8–12. Plaintiff primarily raises Dr. Liu's opinion, contending that the ALJ's finding—that Dr. Liu's opinion was "not specific enough to accommodate within the [RFC]"—was improper. *Id.* at 8–9. In the alternative, Plaintiff contends that, after discounting the opinion evidence relating to headaches, the ALJ should

have either developed the record further or should have credited Plaintiff's subjective complaints. Because the ALJ's RFC determination was well-supported by the record—in which no obvious gaps existed—and he appropriately discounted Dr. Liu's opinion and Plaintiff's subjective complaints, this Court disagrees with Plaintiff's argument.

First, the ALJ properly evaluated Dr. Liu's medical opinion, and his decision to exclude the headache limitations was not error. Under 20 C.F.R. § 416.920c, an ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative medical findings. *See* 20 C.F.R. §§ 416.920c(a)–(c). Those factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id.* § 416.920c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion or prior administrative medical finding, but need not expound upon the remaining three. *Id.* § 416.920c(b)(2).

The ALJ explicitly addressed both the supportability and consistency factors when evaluating Dr. Liu's opinion. Tr. 23. With respect to supportability, he found that "the evidence does not support any specific frequency of headache," contrasting the unsupported mental findings to Dr. Liu's physical findings, which "are supported by the medical evidence and the examination findings." *Id.*; *see* 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical

opinion[] . . . the more persuasive the medical opinion[] . . . will be."). As to consistency, the ALJ noted that Dr. Liu's examination "d[id] not consider [Plaintiff's] report to her doctors that her headaches are largely managed with Tylenol." Tr. 23 (citing *id.* at 713); *see* 20 C.F.R. § 416.920c(c)(2)("[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be."). The ALJ thus explicitly addressed the supportability and consistency factors as he was required to do. *See Benjamin v. Comm'r of Soc. Sec.*, No. 25-2343, 2026 WL 697004, at *1 (2d Cir. Mar. 12, 2026) (summary order).

Of course, a conclusory statement that an opinion is not supported by or consistent with the record is inadequate to support an ALJ's determination. *See Drake v. Saul*, 839 F. App'x 584, 586 (2d Cir. 2020). And while the ALJ's consistency finding is both specific and directly supported in the record, *see* Tr. 98 (stating that Plaintiff "uses Tylenol for relief" from headaches), 713 (noting effective use of Tylenol for "management of her headaches"), his conclusory statement that no evidence supported a "specific frequency of headache" is not. *Id.* at 23. Indeed, not only does Dr. Liu specifically note Plaintiff's complaint of "migraine headaches for a couple of years, [with] episodes three times a week," *id.* at 592, the ALJ cites to that very same finding in his own opinion. *See id.* at 23 ("The claimant reported headaches about [three] times per week that worsen with light and noise and are accompanied by blurry vision and nausea.") (citing *id.* at 592).

But when the ALJ's reasoning can otherwise be gleaned from the record, additional discussion is not required. *See Cichocki*, 729 F.3d at 178 n.3 ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision.") (citation modified); *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."). That was the case here. The medical record indicates that her headaches are intermittent, and that they have alternatively worsened and improved over the years. *Compare* Tr. 865 (noting "no response" to questioning about headaches in 2023) *with id.* at 888 (citing a patient history of headaches in 2022); *see, e.g.*, *id.* at 710, 715 (describing a "new onset" of headaches in 2022 that were "[i]ntermittent"). And Plaintiff herself was unable to provide a discrete answer when the ALJ queried "how often" the headaches occurred, confirming only that they "come after the seizures generally." *Id.* at 57.

The ALJ, therefore, did what the regulations required of him when he found the portion of Dr. Liu's opinion regarding Plaintiff's headaches to be inconsistent with, and unsupported by, the record. *See id.* at 23. It is "within the province of the ALJ" to rely on certain portions of a medical opinion that are supported by substantial evidence and reject portions that are inconsistent or contrary to the record. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d. Cir. 2002). Because the ALJ

considered appropriately Dr. Liu's opinion in light of Plaintiff's testimony and other medical evidence in the record, the ALJ did not err. *See Spottswood v. Kijakazi*, No. 23-54-CV, 2024 WL 89635, at *1 (2d Cir. Jan. 9, 2024).

Second, contrary to Plaintiff's assertion, there were no obvious gaps in the record that would compel remand. Because a hearing on disability benefits is a non-adversarial proceeding, "the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). But "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79 n.5 (citation modified); *see also Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (summary order) (An ALJ "is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability.") (citation modified).

Plaintiff argues that, by rejecting the mental portion of Dr. Liu's examination, the ALJ "created a gap in the record that [he] was obligated to fill by recontacting Dr. Liu."[5] Dkt. 10-1 at 9. But there was no "gap in the record" with respect to Plaintiff's headaches. Indeed, the ALJ cites repeatedly to Plaintiff's

---

[5] Plaintiff additionally implies that an ALJ must re-contact physicians whose opinions were incomplete. *Id.* at 9–10. This argument is misplaced. The Second Circuit has explained that, with respect to an ALJ's duty to develop the record, the obligation applies only to the extent that the *record as a whole* is incomplete. *See generally Janes*, 710 F. App'x at 34. Here, the record contains a wealth of evidence and testimony as to Plaintiff's headaches, which the ALJ thoroughly engaged with. *See infra*, at 12.

treatment history "with neurologists for . . . headaches," Tr. 21 (citing *id.* at 353–63, 384–586, 701–16), highlighting their reported frequency, *id.* (citing *id.* at 353), the failure of Depakote to treat them, *id.* (citing *id.* at 710), and the efficacy of Tylenol to manage symptoms, *id.* (citing *id.* at 714). That the ALJ did not credit Dr. Liu's opinion as to the headaches does not remove evidence of their existence from the record—a conclusion that is supported by the ALJ's RFC, which credited Plaintiff's subjective complaints and included a noise restriction to accommodate the headaches. *Id.* at 23–24.

Finally, the ALJ did not err in discounting Plaintiff's subjective complaints as to the frequency and intensity of her headaches. An ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Barnaby v. Berryhill*, 773 F. App'x 642, 643 (2d Cir. 2019) (summary order) (quoting *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010)) (citation modified). The ALJ explicitly noted medical evidence that undercut Plaintiff's subjective complaints as to the severity and frequency of her headaches, finding that these headaches were intermittent and "managed with medication." Tr. 24; *see supra*, at 10.

Even still, the ALJ chose to partially credit Plaintiff's subjective complaints by acknowledging noise as a trigger for the headaches and including a noise restriction in the RFC. Tr. 24. Given that the ALJ's adverse credibility finding was based on medical evidence, and that he still included partial restrictions in the

RFC, Plaintiff "fails to demonstrate prejudice warranting remand." *Orlando A. v. Comm'r of Soc. Sec.*, No. 21-CV-339, 2023 WL 5344934 at *4 (W.D.N.Y. Aug. 21, 2023) (collecting cases holding that an RFC that is more restrictive than the underlying medical opinions is non-prejudicial and, thus, not grounds for remand).

Although Plaintiff attacks the ALJ's weighing of opinion evidence, development of the record, and credibility findings, Plaintiff's ultimate disagreement is with the *degree* to which the ALJ accommodated Plaintiff's headaches in the RFC. But it is not the function of this Court to re-weigh evidence or determine *de novo* whether Plaintiff is disabled. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta*, 508 F. App'x at 56, and a searching review of the record reveals that consistency, his decision is supported by substantial evidence, and this Court will not second-guess it. *See Biestek*, 587 U.S at 103 ("[T]he threshold for [substantial] evidentiary sufficiency is not high" in the SSA context); *Genier*, 606 F.3d at 49 ("Even where the administrative record may adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence.").

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 14) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 10). The Clerk of the Court shall close this case.

SO ORDERED.

Dated: November ~~3~~ 4 JLS, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE